Filed 3/25/13  P. v. Redmond CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>KEVIN LEE REDMOND,<br><br>　　　Defendant and Appellant. | B241591<br><br>(Los Angeles County<br>Super. Ct. No. TA109095) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Kelvin D. Filer, Judge.  Affirmed in part and reversed in part with directions.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Kimberley J. Baker-Guillemet, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Kevin Lee Redmond appeals from the judgment entered following retrial of a prior prison term enhancement allegation and resentencing. Defendant contends the trial court improperly imposed the prior prison term enhancement twice and erred in its recalculation of his credits. We agree that the trial court erroneously awarded defendant conduct credits for the time he spent in prison prior to his resentencing, but otherwise affirm.

## BACKGROUND

Defendant was convicted by a jury of possessing cocaine base for sale and selling cocaine base and sentenced to five years in prison, including one year for a prior prison term enhancement under Penal Code section 667.5, subdivision (b). (Undesignated statutory references are to the Penal Code.) On his appeal in case No. B226809, defendant challenged, inter alia, the adequacy of his admission of the prior prison term enhancement allegation. We concluded that defendant's admission was insufficient, reversed the trial court's true finding on the enhancement allegation, and remanded for further proceedings. We expressly stated that the prosecutor would be permitted to retry the enhancement allegation.

Upon remand, a court trial was conducted regarding the prior prison term enhancement allegation. The prosecutor introduced certified records from the Department of Corrections and Rehabilitation pursuant to section 969b to prove the enhancement allegation. The court found the allegation true and resentenced defendant to five years in prison, including one year for the prior prison term enhancement, for count 1 (possession of cocaine base for sale) and a concurrent term of four years for count 2 (selling cocaine base). The court stated, "I'm going to impose the one year only one time. So no additional time is ordered as to count 2." Nonetheless, the clerk's minute order and abstract of judgment indicate that the court imposed, but stayed, the prior prison term enhancement for count 2.

2

# DISCUSSION

## 1.  Enhancement of count 2

Defendant contends, and the Attorney General agrees, that the trial court erred by imposing the prior prison term enhancement for both counts 1 and 2.  But, as noted, the trial court expressly declined to impose the enhancement on count 2.  The clerk erroneously included the enhancement in the minute order and abstract of judgment.  Accordingly, we need not strike the enhancement from count 2 as the parties urge, but will merely direct the clerk to issue an amended abstract of judgment and minute order.

## 2.  Calculation of credits

Upon resentencing, the trial court recalculated defendant's credits as 699 days for actual custody and 349 days of conduct credits, for a total of 1,048 days.

Defendant contends that the trial court erroneously awarded him credits under Penal Code section 4019 for the entire time he had served, both in local custody and in prison.  The Attorney General argues the record is insufficient to determine that the trial court erred.

To aid in the resolution of this issue, after notice to the parties and an opportunity to respond, we take judicial notice of the clerk's transcript filed in this court as part of the appellate record in defendant's prior appeal, case No. B226809.  (Evid. Code, §§ 452, subd. (d), 459.)  When defendant was originally sentenced on July 14, 2010, he was awarded 16 days for actual presentence custody and 16 days for local conduct credits under section 4019.

Upon remand for resentencing, the trial court was required to recalculate defendant's *actual* custody credits as of the date of resentencing, including the time spent in the custody of the Department of Corrections and Rehabilitation, but it should not have recalculated his conduct credits.  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23, 29, 33–34.)  The court's award of 349 days of conduct credits demonstrates that it recalculated defendant's conduct credits.  Absent such a recalculation, the trial court would have awarded defendant the same 16 days of conduct credits that it awarded him at the original

3

sentencing hearing in 2010.  Thus, the trial court's error is apparent from the appellate record.

Defendant should have been awarded 16 days for presentence conduct credit plus actual custody credits equal to the sum of the 16 days of presentence local custody awarded at the time of the original sentencing plus actual custody credit for the period from July 14, 2010 to May 14, 2012.  Defendant argues he was entitled to 681 days of actual custody credit for that period, but we calculate the period as just 670 days.  We direct the trial court to calculate the correct actual custody credits upon remand.

Although defendant had been paroled, as noted in his reply brief, the miscalculation of his credits is not a moot issue because it will affect the duration of his parole.  (*In re Carter* (1988) 199 Cal.App.3d 271, 273; *People v. Lara* (1988) 206 Cal.App.3d 1297, 1301–1303.)

## DISPOSITION

The cause is remanded for the trial court to recalculate defendant's actual custody credits as of the date of resentencing, awarding him the recalculated actual custody credits plus the 16 days for local conduct credit awarded at the time defendant was originally sentenced.  The court is directed to issue an amended abstract of judgment and to correct its minute order of May 14, 2012 to reflect (1) the correct credits award, and (2) that the trial court did not impose a Penal Code section 667.5, subdivision (b) enhancement for count 2.  The judgment is otherwise affirmed.

NOT TO BE PUBLISHED.


                                                    MALLANO, P. J.

We concur:


        CHANEY, J.


        JOHNSON, J.

4